## JOHN A. HARTSHORN *vs.* ALICE B. DAVIS.

Middlesex.    March 21, 1899. — June 30, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Refusal to discharge Mortgage — Action — Evidence — Law and Fact.*

At the trial of an action of tort under Pub. Sts. c. 120, § 25, for an alleged neglect and refusal to execute and deliver a deed of release of a mortgage, there was evidence tending to show that the plaintiff paid all that was due on the mortgage within the agreed time, and also a sum agreed to between the defendant's attorney and himself as the costs of the foreclosure proceedings; that a part of the payment of the amount due consisted in receipting a bill which the plaintiff held against the defendant, the defendant not objecting to that mode of payment; that when the last payment was made the defendant promised to get a discharge and deliver it to the plaintiff; that the plaintiff called repeatedly on the defendant to get the discharge, and that more than seven days before bringing the suit the plaintiff went to the defendant's house with a witness, tendered two dollars to cover possible costs, and presented a discharge for signature, and that the defendant acknowledged that nothing further was due, but refused to sign the discharge unless the plaintiff would go to the defendant's attorney in a neighboring city. *Held,* that this, with the other evidence in the case, if believed, justified a finding for the plaintiff.

TORT, under Pub. Sts. c. 120, § 25, to recover for the alleged refusal and neglect of the defendant to give the plaintiff, who was the owner of the equity in certain real estate in Bridgewater, a discharge of a mortgage to which the real estate was subject. Trial in the Superior Court before *Hardy,* J., who found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*F. P. Curran,* for the defendant.

*A. H. Wellman,* for the plaintiff.

MORTON, J.    This is an action under Pub. Sts. c. 120, § 25, for an alleged neglect and refusal to execute and deliver a deed of release of a mortgage. The only exception is to the refusal of the judge who heard the case to rule as requested by the defendant, that upon all the evidence the plaintiff could not recover. There was evidence tending to show that the plaintiff paid all that was due on the mortgage within the time agreed upon, and also a sum agreed to between the defendant's attorney and himself as the costs of the foreclosure proceedings. It is immaterial

that a part of the payment of the amount due on the mortgage consisted in receipting a bill which the plaintiff held against the defendant. She did not object to that mode of payment. There was also evidence tending to show that when the last payment was made the defendant promised to get a discharge of the mortgage and deliver it to the plaintiff; that the plaintiff called repeatedly on the defendant to get the discharge; and that finally more than seven days before bringing this suit " the plaintiff went to the defendant's house with a justice of the peace, tendered her two dollars to cover any possible costs, and presented her a discharge of the mortgage for her signature; that the defendant acknowledged that nothing further was due her, but refused to sign the discharge unless the plaintiff would go to her attorney in Boston."

This, with the other evidence in the case,* if believed, fully justified a finding for the plaintiff.

*Exceptions overruled.*

---

* The defendant's counsel contended that payments under the agreement were to be made at his office, but there was no evidence on which this could be found as a fact. The defendant testified that she had never signed a discharge of the mortgage, and the plaintiff offered evidence to the effect that because of the neglect and refusal of the defendant to discharge the same, he lost an opportunity to exchange the land for property of greater value. The defendant's counsel testified that he had not been paid for his legal services in connection with the foreclosure, but there was evidence that neither the defendant's counsel nor the defendant herself ever made further demands upon the plaintiff, and that there was never any effort on the part of the defendant or the defendant's counsel to proceed with the foreclosure sale. The defendant testified on direct examination that she had an affliction which affected her mind, but the nature of it did not appear, nor was there any evidence that she was not of ordinary intellectual capacity except from her appearance on the witness stand. The defendant also testified, on cross-examination, that she had previously held two real estate and one personal property mortgages, and that she had collected her interest personally.